**Robert JOSEPH, Appellant–
Plaintiff Below,**

v.

**LAKE RIDGE SCHOOL COR-
PORATION, Appellee–De-
fendant Below.**

**No. 75A04–9106–CV–180.[1]**

Court of Appeals of Indiana,
Third District.

Oct. 29, 1991.

Rehearing Denied Dec. 5, 1991.

---

**1.** This case was diverted to this office by order of the Chief Judge.

**318**

Kenneth D. Reed, Abrahamson, Reed & Adley, Hammond, for appellant-plaintiff.

Steven R. Crist, Gregory R. Lyman, Singleton, Crist, Patterson, Austgen & Lyman, Munster, for appellee-defendant.

STATON, Judge.

Robert Joseph appeals the trial court's grant of summary judgment to Lake Ridge School Corporation (Lake Ridge) in Joseph's action against Lake Ridge for terminating his position as principal of Calumet High School. Joseph raises six allegations of trial court error, which can be consolidated and rephrased as the following issue:

Whether the trial court erred by granting Lake Ridge's motion for summary judgment.

We affirm.

Robert Joseph is a tenured teacher under the laws of Indiana, and served Lake Ridge as an educator in various capacities since 1949. In addition to his years of service as an instructor, Joseph was assistant principal and principal of a junior high school, and assumed the responsibilities of high school principal in 1975. Joseph was so employed by Lake Ridge in 1988, when school officials offered Joseph a one-year contract as principal at the high school.

On October 26, 1988, a few months into the contract term, Lake Ridge Board of Trustees president Henry Ensweiler, Jr., notified Joseph that the school board was considering a decision not to renew Joseph's contract for the 1989–90 school year. Ensweiler advised Joseph that school board action was contemplated because of certain irregularities in the summer swimming program overseen by Joseph. On December 5, 1988, Ensweiler again notified Joseph of the proposed action, citing Joseph's "failure to properly carry out [his] responsibilities and duties as principal of the Calumet High School" as well as the problems referenced in his earlier letter. Record, p. 51. The letter of December 5 further advised Joseph that he was entitled to confer in private with Lake Ridge superintendent Herbert Abramson and later, with the school board itself regarding the upcoming decision. Joseph met with Abramson on December 12, 1988, and with the school board a few weeks later.

On January 9, 1989, the board of trustees decided not to renew Joseph's principalship contract for the 1989–90 school year. Lake Ridge notified Joseph of its action by letter of January 10, 1989. In June of 1989, Joseph agreed to teach for Lake Ridge in the upcoming school year, but he protested the significant decrease in his salary accompanying his new employment status. Joseph filed a breach of contract action the following November, claiming that Lake Ridge terminated his position as principal without good cause, in bad faith and contrary to statute. Lake Ridge denied Joseph's claims, and in the motion for summary judgment filed with the complaint, contended that it complied with all relevant provisions of the Teacher's Tenure Act, IND.CODE 20–6.1–4–1, *et seq.* (1988). The trial court agreed, and this appeal ensued.

■ Joseph first argues that the grant of summary judgment was inappropriate, alleging that there exist genuine issues of material fact requiring resolution by a trier of fact. On an appeal from a summary judgment, we must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly

applied the law. *Boone County Area Plan Comm'n v. Kennedy* (1990), Ind. App., 560 N.E.2d 692, 694, *trans. denied.* A defendant seeking summary judgment must demonstrate the undisputed material facts negate at least one element of the plaintiff's claim or establish a defense to plaintiff's claim. *Sanders v. Townsend* (1987), Ind.App., 509 N.E.2d 860, 862, n. 1, *trans. denied.* Once the defendant makes such a showing, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Ind. Rules of Procedure, Trial Rule 56(E). Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the nonmoving party. *Bischoff Realty, Inc. v. Ledford* (1990), Ind.App., 562 N.E.2d 1321, 1323. Summary judgment will be affirmed if it is sustainable upon any theory supported by the record. *Kolczynski v. Maxton Motors, Inc.* (1989), Ind.App., 538 N.E.2d 275, 276, *trans. denied.*

▆ We are also mindful of the standard of review from a decision of a school board: we stand in the same position as does the trial court; that is, our review is limited to a determination of whether the board followed the proper procedures and whether there is substantial evidence to support the board's decision. *Hinkle v. Garrett–Keyser–Butler School Dist.* (1991), Ind.App., 567 N.E.2d 1173, 1176, *trans. pending; Scott County School Dist. 2 v. Dietrich* (1986), Ind.App., 499 N.E.2d 1170.

▆ Claiming he was entitled to a clear and concise statement of the causes or reasons for Lake Ridge's decision not to renew his principalship contract, Joseph cites IC 20–6.1–4–17.3, which states in part: "The preliminary notice must include the reasons for considering a decision not to renew." Joseph contends that the statute, when construed in his favor, requires a statement of the reasons for the dismissal in a clear and concise manner so as to avoid arbitrary and capricious actions of a school corporation. The interpretation of a statute, however, is not a question of fact, but one of law reserved for the courts. *Bailey v. Menzie* (1987), Ind.App., 505 N.E.2d 126. Thus, we do not apply the summary judgment standard to this question. Rather, we look to well-established rules of statutory construction.

▆ When asked to interpret a statute, the threshold inquiry before the court is whether the statute is ambiguous, for if no ambiguity exists, the court cannot interpret or substitute words to fit within a construction different from what the legislature clearly and expressly intended. *Kemper v. Warren Petroleum Corp., Inc.* (1983), Ind.App., 451 N.E.2d 1115, *trans. denied.* Examining the language of the statute, we find that no ambiguity exists. The meaning of the statute is self-evident; if reasons are included in the preliminary notice of a decision not to renew a principalship contract, the statutory requirement is satisfied. IC 20–6.1–4–17.3. Reasons were included in the preliminary notice to Joseph; therefore, the statute was not contravened.

▆ Joseph's claim that the provisions of the Teacher's Tenure Act entitle him to an evidentiary hearing and dismissal for cause is meritless. Section 17.2 of the Act grants Joseph no more rights than timely notice of non-renewal. *State ex rel. Cleary v. Bd. of School Com'rs* (1982), Ind.App., 438 N.E.2d 12, 15–16. In *Cleary,* our Court determined that an action at mandamus was not an available remedy under IC 20–6.1–4–17.2, observing that the aim of the court is "to recognize the plain and ordinary meaning of the statute's words." *Id.* at 16 n. 6 (citing IC 1–1–4–1(1)). Similarly, an examination of the plain and ordinary meaning of sections 17.2 and 17.3 indicates that Joseph is not entitled to a full hearing or dismissal for cause. Rather, he was entitled only to timely notice of non-renewal. There is no dispute that this statutory requirement was met.

Even if we were to find it necessary to interpret this statute, the same result would obtain. The purpose of the Teacher's Tenure Act—to protect the educational interests of the state—requires a liberal construction of its provisions. *Thombleson v. Bd. of School Trustees* (1986), Ind.App., 492 N.E.2d 327, *trans. denied.* Such an interpretation is one that advances the efficiency of the school system and protects the public right as opposed to the individual teacher's rights. *Miller v. Barton School Township of Gibson County* (1939), 215 Ind. 510, 20 N.E.2d 967. Clearly, the legislature has seen fit to vest school boards with a great deal of discretion in deciding whether to renew the contract of a particular school's chief administrator; this interpretation advances school efficiency and is more protective of the public right to education.

Joseph's argument that sections 10 and 10.5 of the Act afford him greater procedural protections is likewise unavailing. Sections 10 and 10.5, by their plain wording, apply to the cancellation of indefinite contracts of permanent and semipermanent teachers, respectively. Joseph's teaching contract was not cancelled; on the contrary, after his principalship contract was not renewed, he accepted a contract to continue teaching for Lake Ridge (albeit under protest).

Examining language similar to the notice provision of sections 17.2 and 17.3, our Court found that a permanent teacher serving as principal who was orally notified of his reassignment as classroom instructor would not be heard to complain that he did not receive written notice under the statute, because the provision in question clearly applied only to non-permanent teachers. *New Castle–Henry Township School Corp. v. Hurst* (1969), 145 Ind.App. 131, 247 N.E.2d 835, *trans. denied.* The provisions relating to the cancellation of indefinite teachers' contracts do not apply to the decision not to renew a principal's contract. *See School City of Peru v. State ex rel. Youngblood* (1937), 212 Ind. 255, 7 N.E.2d 176, *reh. denied* 212 Ind. 255, 9 N.E.2d 80.

Joseph further argues that Lake Ridge failed to comply with the remaining provisions of sections 17.2 and 17.3 and that the existing principalship contract provided a pretext for the decision not to renew his contract. We need not address these arguments, for Joseph does not support his claims with cogent argument or citation to authority. Therefore, this issue has been waived. *See* Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

We conclude that the trial court did not erroneously grant summary judgment; there was no genuine issue of material fact for a jury to resolve and the trial court correctly applied the law.

Affirmed, costs to appellee.

HOFFMAN, and SHIELDS, JJ., concur.