**CASTON SCHOOL CORPORATION,**
Appellant–Defendant,

v.

**Russell B. PHILLIPS, Jr.,**
Appellee–Plaintiff.

No. 25A05–9702–CV–74.

Court of Appeals of Indiana.

Jan. 13, 1998.

See also 1997 WL 765982.

Robert L. Murray, Hanna, Small, Sabatini, Becker & Murray, Logansport, Charles R. Rubright, George T. Patton, Jr., Karen Glasser Sharp, Bose McKinney & Evans, Indianapolis, for Appellant–Defendant.

Jere L. Humphrey, Harold L. Wyland, Kizer & Neu, Plymouth, for Appellee–Plaintiff.

**OPINION**

BARTEAU, Judge.

The Caston School Corporation (Caston) appeals a declaratory judgment that Russell

B. Phillips Jr.'s employment contract remained in effect for the 1996–1997 school year. Caston raises a single issue: whether a statutory provision that if a principal is not notified in a timely manner that his contract will not be renewed, his contract "shall be reinstated only for the ensuing school year" provides for continuing year-to-year renewals unless the principal is properly notified of nonrenewal.

We reverse.

### FACTS

Phillips served as an elementary school principal at Caston from August 1978 to June 1995. His most recent principal's contract was for the period July 1993 to June 1995. In the Spring of 1994, Caston began proceedings to dismiss Phillips for cause. The parties submitted the propriety of the dismissal to a panel of arbitrators, and the arbitrators found Caston had not shown cause to terminate Phillips' contract.

Following the arbitration, Caston commenced the statutory procedure which is to be followed when a principal's contract is not renewed. Caston notified Phillips of the conferences with the superintendent and the school board to which Phillips was entitled by law. Phillips had a conference with the superintendent. However, his conference with the school board was canceled after Phillips tried to tape record the proceedings. Phillips acquiesced in the board's request that he stop taping, but the board canceled the conference when Phillips refused to give the tape recording to the board.

■ After the conference was canceled, Phillips sued Caston alleging it had not followed the proper procedure in declining to renew his contract. The trial court agreed,[1]

and ordered Phillips' contract reinstated for the 1995–96 school year. However, prior to that decision, Caston hired Phillips as an elementary school teacher for the 1995–96 school year. Caston did not pursue the contract non-renewal procedure during the 1995–96 school year because it had already done so during the prior year, and because it interpreted the controlling statute to extend Phillips' principal's contract for no more than the following school year.

In June of 1996, Phillips brought an action for a declaratory judgment that because Caston did not pursue the non-renewal procedure during the 1995–96 school year, Phillips' contract remained in effect for the 1996–97 school year. On November 4, 1996, the court entered a declaratory judgment to that effect.

### DISCUSSION

The Indiana legislature has established, in the Teachers' Tenure Law, a procedure for the non-renewal of the employment contracts of public school principals. Indiana Code section 20–6.1–4–17.3 states:

(a) At least thirty (30) days before giving written notice of refusal to renew a contract under section 17.2 of this chapter, the governing body, or an employee at the direction of the governing body, shall inform the assistant superintendent, the principal, or the assistant principal by written preliminary notice that the governing body is considering a decision not to renew the contract and that, if the individual files a request with the school corporation for a private conference within five (5) days after receiving the preliminary notice, the individual is entitled to a private con-

---

1. Phillips argues that we need not construe the statute at issue here, because the first trial court judgment found that "the conference called for under the nonrenewal are (sic) conditions precedent to the termination." R. at 19. Thus, the court found, since Phillips' contract "was not renewed according to law, pursuant to I.C. 20–6.1–4–17.2, that contract was reinstated for the 1995/96 school year." Id.

Phillips characterizes the first trial court judgment as making our interpretation of the statute unnecessary in this action under principles of res judicata. However, Phillips' complaint in the declaratory judgment action being reviewed here

concerns lack of notice of termination, and not failure to provide him a conference. Further, the contract reinstatement for the 1995–96 school year would apparently have been granted to Phillips under either party's interpretation of the statute, and the issue in the present action is whether the statute allows for continuing subsequent contract renewals for as long as a school system fails to provide notice of non-renewal.

Because the issue that was addressed in the first trial court's holding regarding conferences is not the issue we are asked to resolve, the principle of res judicata does not foreclose our review of the declaratory judgment.

ference with the superintendent of the school corporation.

(b) If the individual files a request with the school corporation for an additional private conference within five (5) days after the initial private conference with the superintendent of the school corporation, the individual is entitled to an additional private conference with the governing body of the school corporation before being given written notice of refusal to renew the contract.

(c) The preliminary notice required under this section must include the reasons for considering a decision not to renew.

Indiana Code section 20–6.1–4–17.2 states in pertinent part:

(a) By February 1 of the year during which the contract of an assistant superintendent, a principal, or an assistant principal is due to expire, the governing body of the school corporation or an employee at the direction of the governing body shall give written notice of renewal or refusal to renew the individual's contract for the ensuing school year.

(b) If no notice is given by February 1 of the year during which the contract is due to expire, the contract then in force shall be reinstated *only for the ensuing school year.*

(emphasis supplied).

The trial court found that Phillips' principal's contract was due to expire at the end of the 1995–96 school year, and that no notice was given by February 1, 1996. Because no notice was given, the contract was automatically reinstated for a full year. The court went on to hold that Caston would have to "again comply with the statute if it wishes to terminate [Phillips'] contract." R. at 50. So, Phillips seems to be arguing that section 17.2(b) is a rolling, automatic renewal provision; that is, it provides for continuing one-year renewals for as long as Caston fails to comply with the notice and conference requirements of section 17.3. Caston characterizes the statute as a liquidated damages provision, which requires a school system which fails to comply with the notice and conference provisions to renew the principal's contract for one additional year, but no more.

### Standard of Review

█ When reviewing a trial court's determination of the construction of a statute, we are not bound by the trial court's interpretation, but rather must make an independent legal determination as to the meaning of the statute and its application to the facts of the case before us. *Olejniczak v. Town of Kouts,* 651 N.E.2d 1197, 1199 (Ind.Ct.App.1995), *trans. denied.*

█ A statute should be read and construed with its companion provisions. We must give effect and meaning to every word, if possible, and no part should be held meaningless if it can be reconciled with the rest of the statute. *Id.* When construing a statute, we must give words and phrases their plain, ordinary and usual meaning, unless a contrary purpose is clearly shown by the statute itself. *Id.*

█ The purpose of the Teachers' Tenure Law is to advance the efficiency of school systems, and not to grant special privileges to teachers as a class or as individuals. *Miller v. Barton School Tp. of Gibson County,* 215 Ind. 510, 20 N.E.2d 967, 968 (1939). When interpreting statutes such as the Teachers' Tenure Law, in which the general public has an interest, we must adopt the construction best calculated to protect the public right as against the individual right. *Id.; Joseph v. Lake Ridge School Corp.,* 580 N.E.2d 316, 320 (Ind.Ct.App.1991). The Teachers' Tenure Law vests school boards with a great deal of discretion in deciding whether to renew the contract of a particular school's principal, *Joseph,* 580 N.E.2d at 320.

### Decision

█ We cannot adopt Phillips' construction of section 17.2(b) as permitting an indefinite number of one-year contract renewals for as long as a school system fails to give notice by February 1, because such construction is inconsistent with the purpose of the Teachers' Tenure Law, because it is inconsistent with the plain meaning of the word "only," and because it would render meaningless the word "only."

█ The provision of the Teachers' Tenure Law at issue here entitles a principal

only to timely notice of non-renewal. It does not entitle the principal to an evidentiary hearing and to dismissal for cause.[2] *Joseph,* 580 N.E.2d at 319. The statutory provisions which require that the contracts of permanent and semi-permanent teachers be canceled only if there is good cause do not apply to the decision not to renew a principal's contract. *Id.* at 320. So, the protections provided to principals under the Teachers' Tenure Law are few, and are much more limited than those provided to teachers.

Because we must give effect and meaning to every word in the statute if possible, we believe the legislature's use of the limiting word "only" in section 17.2 reflects the legislature's intention that when no timely notice of renewal or non-renewal of a principal's contract is provided, the contract is extended for *no longer than* the ensuing school year.

"Only" means, among other things, "without anything more; . . . nothing else or more," *Black's Law Dictionary* 1089 (6th ed.1990); "no more than; . . . just." *The American Heritage Dictionary of the English Language* 918 (1981). When the word "only" is correctly placed, it is adjacent to the group of words it actually limits. *Id.* at 919. So, the plain meaning of section 17.2 is that if no notice is given, the principal's contract is reinstated for *no more than* the ensuing school year. If the legislature had intended a series of continuing annual contract renewals for as many years as the school system failed to provide notice, it would have omitted the word "only," and section 17.2 would have read "If no notice is given by February 1, . . . the contract then in force shall be reinstated for the following school year." Thus, Phillips' construction would render meaningless the word "only."

We believe Caston's construction of section 17.2(b) is more consistent with the plain meaning of the language used, and best reconciles that section with the purpose of the statute and with the other provisions of the statute. While section 17.2(a) requires that notice be given to the principal by February 1, section 17.2(b) contemplates that timely notice might not be given, and explains the effect of non-compliance. It provides that if notice is not given, the principal's contract will remain in effect for the following school year, and no longer. Caston accurately characterizes section 17.2(b) as a liquidated damages provision, reflecting a decision a school system must make, and the consequence of that decision. The school may abide by the notice requirement in section 17.2(a), and if it does so, it may terminate the principal's contract at the end of the current school year. Or, the school may decline to give proper notice; but if it does fail to provide notice, it must continue to employ the principal for one more school year, allowing the principal ample time to seek other employment.

### CONCLUSION

In light of the plain meaning of the word "only" and our obligation to interpret the Teachers' Tenure Law in the manner which advances the efficiency of the school system rather than the individual teacher's rights, we believe the statute requires a school system which fails to properly notify a principal of non-renewal to continue to employ that principal for the following school year, but no longer. The trial court's declaratory judgment is reversed.

SHARPNACK, C.J., and GARRARD, J., concur.

---

**2.** We acknowledge that the trial court concluded, in its declaratory judgment, that "[t]he statutory obligation is a condition precedent to cancellation of the contract," R. at 50, citing *Lewis v. Bd. of School Trustees of the Charles A. Beard Memorial School Corp.,* 657 N.E.2d 180 (Ind.Ct.App. 1995), *trans. denied, reh'g denied.* The *Lewis* decision dealt with a statute which provides certain rights to *nonpermanent teachers* who are being terminated, and did not address the "statutory obligation" at issue here. Furthermore, in *Lewis,* we determined that compliance with the statutory provision at issue there was *not* a condition precedent to a valid termination, *id.* at 184. We did, in dictum, state that compliance with a statutory section not at issue there or here would be a condition precedent to cancellation. *Id.*