**Esselona Jane LARSON,**
**Appellant–Plaintiff,**

v.

**PORTAGE TOWNSHIP SCHOOL CORPORATION, Appellee–Defendant.**

No. 64A03–0603–CV–98.

Court of Appeals of Indiana.

Nov. 3, 2006.

Jay Lauer, South Bend, IN, Attorney for Appellant.

Thomas E. Wheeler, II, Locke Reynolds LLP Indianapolis, IN, Attorney for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Esselona Jane Larson appeals from the trial court's order granting summary judgment in favor of Portage Township School Corporation ("the School Corporation") and denying her motion for summary judgment. We affirm.

### Issue

Larson raises one issue, which we restate as follows: Whether the trial court erred in granting the School Corporation's motion for summary judgment and denying her motion for summary judgment.

### Facts and Procedural History

The relevant facts are not in dispute. In 2004, Larson was employed by the

School Corporation as principal of Meyers Elementary School in Portage. On December 17, 2004, Michael Berta, the superintendent of the School Corporation, sent Larson a letter informing her that the school board was considering a decision not to renew her contract as principal, and advising her of her right to a private conference with the superintendent and an additional private conference with the school board as long as she submitted her requests within the required time period. On December 28, 2004, Larson met with Berta to discuss the renewal of her contract as principal. Larson then requested a private conference with the school board for the same purpose. The conference was held on January 12 and 19, 2005. The members of the school board, Larson, Berta, the School Corporation's attorney, and Larson's attorney were present at the conference. Larson objected to Berta's presence at the conference, but the school board allowed him to remain. After Larson presented reasons justifying the renewal of her contract, Berta presented reasons not to renew her contract. Larson was then permitted to respond to Berta's presentation. At a public meeting held on January 24, 2005, the school board unanimously voted not to renew Larson's contract as principal.

On August 16, 2005, Larson filed a complaint against the School Corporation, claiming that Berta's presence at her conference with the school board held on January 12 and 19 violated her statutory right to a private conference with the school board pursuant to Indiana Code Section 20–6.1–4–17.3(b) (now 20–28–8–4(b)).[1] On September 14, 2005, the School Corporation filed a motion for judgment on the pleadings. On October 14, 2005, Larson filed a motion for summary judgment and

a motion to strike certain portions of the School Corporation's answer. On November 15, 2005, the School Corporation filed a response to Larson's motion for summary judgment and a motion requesting that its motion for judgment on the pleadings be converted to a motion for summary judgment. The School Corporation did not contest Larson's motion to strike. On November 21, 2005, the trial court heard oral argument and took the matter under advisement. On January 18, 2006, the trial court granted summary judgment in favor of the School Corporation and denied Larson's motion for summary judgment. Larson appeals.

### Discussion and Decision

Larson asserts that the presence and participation of Berta at her private conference with the school board constituted a material violation of Indiana Code Section 20–6.1–4–17.3(b), warranting reversal of the trial court's order granting the School Corporation's motion for summary judgment and denying her motion.

When reviewing a grant or denial of summary judgment our well-settled standard of review is the same as it is for the trial court: whether there is a genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows that there is no genuine issue of material fact and the moving party deserves judgment as a matter of law. All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party.

---

1. In 2005, Title 20 was recodified. For clarity, we refer to the same citations used by the parties in their briefs and the trial court in its summary judgment order.

*Monroe Guar. Ins. Co. v. Magwerks Corp.,* 829 N.E.2d 968, 973 (Ind.2005) (citations omitted). The fact that the parties made cross-motions for summary judgment does not alter our standard of review. *Hartford Acc. & Indem. Co. v. Dana Corp.,* 690 N.E.2d 285, 291 (Ind.Ct.App.1997), *trans. denied.*

Before addressing Larson's contention, we note that each year a principal's contract is to expire, the governing body of the school corporation or an employee must provide written notice of renewal or refusal to renew the individual's contract for the ensuing year. Ind.Code § 20–6.1–4–17.2 (now 20–28–8–3). Indiana Code Section 20–6.1–4–17.3(b), which is part of the Teacher Tenure Act, governs the notice and conference requirements when the governing body is contemplating a decision not to renew a principal's contract. Indiana Code Section 20–6.1–4–17.3(b) provides,

> If the individual files a request with the school corporation for an additional private conference within five (5) days after the *initial private conference with the superintendent of the school corporation,* the individual is entitled to an *additional private conference with the governing body of the school corporation* before being given written notice of refusal to renew the contract.

(Emphases added.)

Specifically, Larson contends that the trial court misinterpreted the term "private conference," as it is used in Indiana Code Section 20–6.1–4–17.3(b), to mean "non-public conference," as opposed to a one-on-one meeting between herself and the school board. The term "private conference" is not defined in the Teacher Tenure Act. "Governing body" is defined as "any township trustee and the township board of a school township, any board of school commissioners, any metropolitan board of education, any board of trustees or any other board or commission charged by law with the responsibility of administering the affairs of a school corporation." Ind.Code § 20–6.1–1–3 (now 20–18–2–5). "Superintendent" is defined as the chief administrative officer of a school corporation. Ind.Code § 20–6.1–1–7 (now 20–18–2–21).

"When reviewing a trial court's determination of the construction of a statute, we are not bound by the trial court's interpretation, but rather must make an independent legal determination as to the meaning of the statute and its application to the facts of the case before us." *Caston Sch. Corp. v. Phillips,* 689 N.E.2d 1294, 1297 (Ind.Ct.App.1998).

> The first step in interpreting any Indiana statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question. If a statute is unambiguous, we must give the statute its clear and plain meaning. A statute is unambiguous if it is not susceptible to more than one interpretation. However, if a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent. We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results.

*Nieto v. Kezy,* 846 N.E.2d 327, 335 (Ind.Ct. App.2006) (citations and quotation marks omitted). The purpose of the Teacher Tenure Act is to safeguard and promote the wellbeing of Indiana's educational system. *Joseph v. Lake Ridge School Corp.,* 580 N.E.2d 316, 320 (Ind.Ct.App.1991), *trans. denied.* Thus, we construe its provisions liberally so that the efficiency of the school system and the protection of the public right take precedence over individual teacher's rights. *Id.*

Larson asserts that the plain language of Indiana Code Section 20–6.1–4–17.3(b) unambiguously "limits" the private conference between the principal and the governing body. Appellant's Br. at 4–5. In support, she contends that because the superintendent is not a member of the governing body, the legislature would have added "and the superintendent" if it intended for the superintendent to be present at the private conference. *Id.* at 10. We disagree. While it is true that Berta is not a member of the governing body, the exclusion of "and the superintendent" does not lead inexorably to the sole conclusion that the legislature intended that the superintendent be excluded from the private conference. The legislature did not include "and the attorneys representing the principal and the school corporation," yet Larson does not dispute the propriety of their presence at the conference. We think a reasonable inference is that the legislature intended to permit the attendance of the school corporation's attorney, the principal's attorney, and if the school board so chooses, the superintendent, as they are reasonably necessary to facilitate the conference.

To support her argument that the language of Indiana Code Section 20–6.1–4–17.3(b) does not permit the presence of the superintendent at the principal's con-

ference with the governing body, Larson also urges us to compare this statute with Indiana Code Section 20–6.1–4–14(c) (now 20–28–7–10), which governs contract rights of non-permanent teachers.[2] She argues that 20–6.1–4–14(c) provides a more detailed description of non-permanent teacher's conference rights than 20–6.1–4–17.3(b) provides for principal's conference rights, and therefore, an interpretation of private conference that allows the presence of the superintendent is an effort "to imply powers or rights not expressed in 20–6.1–4–17.3(b)." *Id.* at 11. However, though 20–6.1–4–14(c) may be more detailed, there is no language in it that either explicitly requires or prohibits the superintendent's attendance at a non-permanent teacher's conference with the governing body. Likewise, there is no language in 20–6.1–4–17.3(b) that either requires or prohibits the superintendent's attendance at a principal's conference with the governing body. We also note that 20–6.1–4–14(c) specifically authorizes a teacher to have a representative at any conference while 20–6.1–4–17.3(b) does not provide such authorization to a principal, yet Larson does not argue that the absence of such authorization in 20–6.1–4–17.3(b) implies that she cannot have an attorney present at her private conference. We are

---

2. Indiana Code Section 20–6.1–4–14(c) provides in relevant part,

A conference shall be held with the governing body, or at its direction with the superintendent or the superintendent's designee, not more than ten (10) days following the day the governing body receives the request. If the first conference is not with the governing body, a second conference shall be held with the governing body not more than twenty (20) days following the day the governing body receives the request for a second conference, or before the end of the school year, whichever is earlier. The governing body may, in addition to a conference, require that the superintendent, or the superintendent's designee and the teacher summarize in writing the position of each party with respect to the continuation of the contract. At any conference, the governing body, the superintendent, or the superintendent's designee shall provide full and complete information supporting the reasons given for noncontinuance, and the teacher shall provide any information demonstrating that noncontinuance of the contract is improper. The conference with the governing body shall be in executive session unless the teacher requests a public conference. The teacher may have a representative at any conference.

unpersuaded that 20–6.1–4–14(c) implies that we must construe 20–6.1–4–17.3(b) to preclude the attendance of the superintendent at the principal's conference with the governing body. Furthermore, 20–6.1–4–17.3(b) does not contain any language that dictates the manner in which the private conference should be conducted. Therefore, the format the governing body used here, allowing both Larson and Berta to present their positions and providing Larson with an opportunity for rebuttal, is not prohibited by 20–6.1–4–17.3(b).

■ Having rejected Larson's argument that 20–6.1–4–17.3(b) unambiguously limits the private conference to the principal and the school board, we focus now on the purpose of the Teacher Tenure Act to guide us in interpreting the meaning of private conference as it is used in 20–6.1–4–17.3(b). The attendance of the superintendent at the principal's private conference with the governing body affords the governing body convenient access to information relevant to its decision whether to renew the principal's contract. Here, Larson presented her position to the governing body, Berta presented his position, and Larson was able to respond to Berta's statements. The governing body's ability to efficiently and intelligently fulfill its duties was thereby enhanced. By allowing Larson to hear and respond to the superintendent, her ability to advance her position was advanced as well. We conclude that interpreting private conference as a non-public conference in the context of 20–6.1–4–17.3(b) is consistent with the purpose of the Teacher Tenure Act and our obligation to construe it to promote the state's educational interests.

■ The parties also dispute the interaction between Indiana Code Section 20–6.1–4–17.3(b) and Indiana Code Section 20–4–8–20 (now 20–23–16–25).[3] Indiana Code Section 20–4–8–20 requires the superintendent to "attend all meetings of the board except when his re-appointment is under consideration, to carry out the orders of the board, and to make all other decisions and perform all other duties that may be prescribed by law or which may fall within his power and logical jurisdiction." Larson asserts that the provision for a private conference in Indiana Code Section 20–6.1–4–17.3(b) should control because it is more specific and more recent. The School Corporation urges that the interpretation of private conference as a nonpublic conference serves to harmonize the two statutes. We agree with the School Corporation. "So long as two statutes can be read in harmony with one another, we presume that the Legislature intended for them both to have effect." *Burd Mgmt., LLC v. State,* 831 N.E.2d 104, 108 (Ind.2005); *see also Poehlman v. Feferman,* 717 N.E.2d 578, 582 (Ind.1999) ("[W]e recognize a strong presumption that when the legislature enacted a particular piece of legislation, it was aware of existing statutes relating to the same subject."). By interpreting private conference as one that is not open to the public, the principal's privacy is protected, and the superintendent may comply with his obligation to attend all board meetings. Thus, 20–6.1–4–17.3(b) reasonably may be construed to bring it in harmony with 20–4–8–20.

■ Based on the foregoing, we conclude that pursuant to Indiana Code Section 20–6.1–4–17.3(b), Larson is entitled to a conference with the governing body that is not open to the public. Berta's presence at and participation in Larson's non-public conference with the governing body did

---

**3.** This statute is part of the School Powers Act, of which the Teacher Tenure Act is a part, and has been recodified at Indiana Code Section 20–18–2–1 *et. seq.*

not violate Indiana Code Section 20–6.1–4–17.3(b). Accordingly, we affirm the trial court's grant of the School Corporation's motion for summary judgment and the denial of Larson's motion for summary judgment.

Affirmed.

BAKER, J., and VAIDIK, J., concur.