Jai COOK, Appellant,

v.

ATLANTA, INDIANA TOWN COUNCIL, Appellee.

No. 29A02–1105–MI–410.

Court of Appeals of Indiana.

Nov. 10, 2011.

Rehearing Denied Feb. 1, 2012.

John H. Haskin, Meghan U. Lehner, Ryan P. Sink, John H. Haskin & Associates, Indianapolis, IN, Attorneys for Appellant.

Liberty L. Roberts, Collier–Magar & Roberts, P.C., Indianapolis, IN, Attorney for Appellee.

## OPINION

BROWN, Judge.

Jai Cook appeals the denial of his Petition of Judicial Review and Writ of Mandamus. Cook raises one issue, which we restate as whether the court erred in dismissing his Petition. We reverse and remand.

The relevant facts as stipulated by the parties to the trial court follow. Cook commenced his employment as Town Marshal for the town of Atlanta, Indiana, on September 13, 2008. He completed the minimum basic training requirement adopted by the law enforcement training board under Ind.Code § 5–2–1–9, and worked as Town Marshal for Atlanta for

more than six months. On September 24, 2010, the Atlanta town council terminated Cook as Town Marshal without a hearing following an incident which occurred that same day. Cook requested a hearing prescribed in the disciplinary removal and appeals procedure prescribed by Ind.Code § 36–8–3–4, but his request was denied by the town council. Cook was not terminated for "cause." *See* Appellant's Appendix at 68.

On October 13, 2010, Cook filed a Petition for Judicial Review and Writ of Mandamus alleging that the Atlanta town council refused to provide him with procedural due process or a hearing under Ind.Code 36–8–3–4 before his termination. Cook alleged that at all relevant times the Atlanta town council consisted of Andrew Emmert, John Phifer, and Dennis Bozell, and that, on September 24, 2010, he had probable cause to believe that Emmert engaged in disorderly conduct and intimidation. Cook specifically alleged that Emmert entered the town hall and confronted another man in an aggressive and intimidating manner, yelled at the man stating "I know who you are, I know what you're doing with my daughter and that internet sex chat, obviously you don't know who the f—— I am and what the f—— I can do to you, you're a f——ing degenerate," stood in a "bladed posture" over the man, and yelled to Cook "you're a f——ing degenerate too" and slammed the door. *Id.* at 20. Cook alleged that while he was in the process of creating the probable cause affidavit, Emmert returned to the town hall with Phifer and Bozell, that Emmert confronted Cook and asked "we got a f——ing problem here" and "[a]re you filing charges on me," and Cook indicated that he was drafting charges against Emmert. *Id.* Cook alleged that while he was creating the prob-

able cause affidavit, Phifer approached him and "stated that [Cook] was suspended indefinitely" and that Cook "stated that he could not be suspended without a hearing, to which [ ] Phifer and [ ] Bozell responded that they could suspend [Cook] no matter what and he would not receive a hearing." *Id.* Cook alleged that after further discussion and on that same day, the town council members terminated his employment without a hearing. Cook alleged that the town council violated Ind.Code §§ 36–5–7–3 and 36–8–3–4 by discharging him as Town Marshal without a hearing and requested the court to set aside the action, reinstate him as Town Marshal, provide back pay and lost benefits, and award attorney fees and costs. Cook alternatively requested the court to order the Atlanta town council to provide fair and impartial hearing procedures as outlined in Ind. Code § 36–8–3–4.

On January 20, 2011, the parties submitted a Stipulation of Facts. Cook filed a brief in support of his petition, the town council filed a response in opposition to Cook's petition, and Cook filed a reply. On March 21, 2011, the court conducted a hearing on Cook's petition, at which counsel for the parties presented legal arguments. Cook's counsel referenced Cook's service as a Deputy Marshal for Atlanta during some prior time period.[1] Counsel for Atlanta argued that Cook's prior employment was not evidence in the record. After Cook's counsel stated that he was "surprised by the fact that there would be dispute that [Cook] did work for the department as a deputy marshal" and that "[i]t is an easily verifiable fact," Atlanta's counsel stated "I don't think the town would dispute that at one time [Cook] was a marshal, there was a gap, where [ ] Cook left the department and then he was hired

1. The parties stipulated that Cook commenced his employment as Town Marshal on September 13, 2008. Cook's counsel apparently misspoke at the hearing when he stated that Cook's service as Deputy Marshall was from June 1, 2003 until November, 2008.

in as the head marshal" such that Cook "was not coming from the department, he came from outside of the department." Transcript at 23–24. In April 2011, Atlanta by counsel filed a Submission of Additional Authority and Request to take Judicial Notice of Precedent Relevant to Case, and Cook filed a response. The trial court denied Cook's Petition, and Cook now appeals.

The issue is whether the trial court erred in denying Cook's Petition for Judicial Review and Writ of Mandamus. Cook essentially contends that he was entitled to a pre-termination hearing and proceedings pursuant to Ind.Code §§ 36–5–7–3 and 36–8–3–4.

■■ When interpreting a statute, we independently review a statute's meaning and apply it to the facts of the case under review. *Bolin v. Wingert,* 764 N.E.2d 201, 204 (Ind.2002). Thus, we need not defer to a trial court's interpretation of the statute's meaning. *Elmer Buchta Trucking, Inc. v. Stanley,* 744 N.E.2d 939, 942 (Ind. 2001). "The first step in interpreting any Indiana statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question." *St. Vincent Hosp. and Health Care Ctr., Inc. v. Steele,* 766 N.E.2d 699, 703–704 (Ind. 2002). If a statute is unambiguous, we must give the statute its clear and plain meaning. *Bolin,* 764 N.E.2d at 204. A statute is unambiguous if it is not susceptible to more than one interpretation. *Elmer Buchta Trucking,* 744 N.E.2d at 942. However, if a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent. *Bolin,* 764 N.E.2d at 204. We presume the legislature intended logical application of the language used in the statute, so as

to avoid unjust or absurd results. *Id.* In addition, we will avoid an interpretation that renders any part of the statute meaningless or superfluous. *Koehlinger v. State Lottery Comm'n of Ind.,* 933 N.E.2d 534, 541 (Ind.Ct.App.2010) (citation omitted), *trans. denied; see also In re ITT Derivative Litig.,* 932 N.E.2d 664, 670 (Ind.2010) ("We interpret a statute in order to give effect to every word and render no part meaningless if it can be reconciled with the rest of the statute."); *City of N. Vernon v. Jennings Nw. Reg'l Utilities,* 829 N.E.2d 1, 4–5 (Ind.2005) (explaining that the Court will avoid interpretations that render part of a statute meaningless, bring about an absurd result, or create an illogical application).

Ind.Code § 36–5–7–3 provides:

The marshal serves at the pleasure of the town legislative body. However, before terminating or suspending a marshal who has been employed by the town for more than six (6) months after completing the minimum basic training requirements adopted by the law enforcement training board under IC 5–2–1–9, the legislative body must conduct the disciplinary removal and appeals procedure prescribed by IC 36–8 for city fire and police departments.

Ind.Code § 36–8–3–4(m) provides:

Except as provided in IC 36–5–2–13,[2] the executive may reduce in grade any member of the police or fire department who holds an upper level policy making position. The reduction in grade may be made without adhering to the requirements of subsections (b) through (*l*). However, a member may not be reduced in grade to a rank below that which the member held before the member's appointment to the upper level policy making position.

---

**2.** Ind.Code § 36–5–2–13 provides: "The town executive must have the approval of a majority of the town council before the executive may discharge, reduce in grade under IC 36–8–3–4, or remove a town employee."

Cook argues that "Ind.Code § 36–5–7–3, in very certain terms by using the word 'must,' mandates pre-termination hearing procedures for town marshals who have satisfied two (2) conditions precedent" and that "[w]hen applying the plain and ordinary meaning of Ind.Code § 36–5–7–3 to the undisputed facts of this case, the only logical conclusion is that Cook was entitled to pre-termination hearing procedures, and Atlanta unlawfully deprived Cook of this right." Appellant's Brief at 10. Cook asserts that "[t]he more precise issue before the Court on appeal is reconciling Ind. Code § 36–5–7–3 with Ind.Code § 36–8–3–4(m)" and that Ind.Code § 36–8–3–4(m) applies only to demotions and does not apply to terminations of tenured town marshals. *Id.* Cook maintains that "the easiest way to reconcile these two (2) statutory code sections is to conclude that Ind.Code § 36–8–3–4(m) allows demotions of the town marshal without adherence to hearing procedures, but it does not apply to terminations and suspensions of town marshals." *Id.* at 11–12.

Cook further appears to argue that Ind. Code § 36–8–3–4(m) permits de facto terminations of chiefs of police, as exemplified in *Guzik v. Town of St. John,* 875 N.E.2d 258 (Ind.Ct.App.2007), *trans. denied,* as there is no specific statutory code section entitling chiefs of police to pre-termination hearing procedures, but that Ind.Code § 36–8–3–4(m) does not permit such de facto termination of town marshals because of the existence of Ind.Code § 36–5–7–3. Cook argues that he had a property right in his employment with Atlanta and that the town council could have demoted him from his position of Town Marshal without a hearing and placed him into the position of deputy marshal. Cook also argues that he was not an employee at-will because he satisfied the necessary conditions to become tenured under Ind.Code

§ 36–5–7–3, that the reason for his removal is irrelevant, and that the Atlanta town council is judicially estopped from arguing that his termination was not disciplinary in nature.

Cook argues that it is questionable whether a town marshal is in an upper policy making position as that term is defined and used within Ind.Code § 36–8–3–4(m). He states that "[a]lthough Ind.Code § 36–5–7–4 identifies the town marshal as the 'chief police officer,' the definition section of title 36, article 8 of the Indiana Code defines an 'upper policy making position' as the position held by the police chief or fire chief," that "[c]onspiculously absent from this definition is any explicit reference to a town marshal," and "the Indiana Court of Appeals, in *Olejniczak* [*v. Town of Kouts,* 651 N.E.2d 1197 (Ind.Ct.App. 1995), *trans. denied* ], assumed, without exploring the issue further, that Ind.Code § 36–8–3–4(m) does apply to town marshals." *Id.*

The Atlanta town council argues that Ind.Code § 36–5–7–3 "only requires a pre-termination hearing for disciplinary removals" and specifically asserts that "Cook was not removed for 'cause,' " that "[t]here were no charges of misconduct alleged against him," and that "[t]here was no 'specific conduct' for which he had to answer or defend against." Appellee's Brief at 4, 7. The council argues that "[t]enured marshals can be removed for non-disciplinary reasons without being provided a disciplinary hearing" and that "Cook's assertion that a tenured marshal has a right to continued employment unless he is provided a disciplinary removal hearing" would "render the first sentence of I.C. § 36–5–7–3 and all of I.C. § 36–8–3–4(m) meaningless." *Id.* at 8–9. The council further argues that Ind.Code § 36–8–3–4(m) "applies to town marshals and does not require that a marshal who was not promoted from within be retained

on the department at a lower level rank upon removal." *Id.* at 11. The council also argues that Cook does not have "a property interest and entitlement to a lower ranking position on the department," that he "was not entitled to hearing procedures before removal or termination," and he "is barred from raising the issue of judicial estoppel for the first time on appeal." *Id.* at 13–15.

In his reply brief, Cook argues that whether a hearing is required under Ind. Code § 36–5–7–3 depends upon whether a town marshal is tenured and not upon whether the removal is disciplinary in nature. Specifically, Cook argues that the adoption of the council's argument "would have grave consequences for tenured town marshals" and that "[i]n the event the town desired to terminate a tenured town marshal from its department, the town would simply state that the removal was for non-disciplinary reasons" and thereby "easily circumvent the hearing requirements of Ind.Code § 36–8–3–4 by merely couching its reason for termination as policy-based or some other non-disciplinary reason." Appellant's Reply Brief at 5. Cook argues that, even if the court accepts the proposition that hearing procedures are required only for disciplinary termination, the parties' stipulation "that Cook was not terminated for 'cause' does not equal a stipulation that Atlanta did not take its action for alleged disciplinary reasons." *Id.* at 8. Cook also argues that Ind.Code § 36–8–3–4(m) is restricted to demotions of tenured marshals.

▮▮▮ Even assuming that a town marshal holds an upper level policy making position and that Ind.Code § 36–8–3–4(m) may govern the demotion of a town marshal, we conclude that the subsection does not permit a town to terminate the employment of a town marshal in contraven-

tion of the express language of Ind.Code § 36–5–7–3 related to the termination or suspension of town marshals specifically. Ind.Code § 36–8–3–4(a) provides: "This section also applies to all towns and townships that have full-time, paid police or fire departments." Thus, the protections of that section, including the requirement related to a hearing prior to the dismissal of a member, apply to town marshals who are full-time, paid employees of a town's police department. *See* Ind.Code § 36–5–7–4 (noting that a town marshal is the chief police officer of the town and has the powers of other law enforcement officers in executing the orders of the legislative body and enforcing laws); *see also* Ind. Code § 36–8–3–4(b) through –4(1) (providing for a hearing and other protections). Ind.Code § 36–8–3–4(b) provides in part that "[e]xcept as provided in subsection (m), a member of the police or fire department holds office or grade until the member is *dismissed or demoted* by the safety board." (Emphasis added). Subsection (m) of Ind.Code § 36–8–3–4 provides for an exception to the requirements related to a hearing. However, that exception is limited to a "reduction in grade" of a member of the police who holds an upper level policy making position. The exception in subsection (m) does not permit a termination or suspension without adhering to the requirements of subsections (b) through (*l*). Therefore, Ind.Code § 36–8–3–4(m) does not authorize the termination of a town marshal without conducting a hearing and adhering to the requirements of subsections (b) through (*l*) of Ind.Code § 36–8–3–4.

Moreover, in further support of this interpretation, Ind.Code § 36–5–7–3 expressly provides that, "before *terminating* or suspending a marshal," and provided the marshal meets certain criteria,[3] a

---

**3.** The parties here stipulated that Cook satis-

fied these conditions, which includes employ-

town's legislative body "must conduct the disciplinary removal and appeals procedure prescribed by IC 36–8 for city fire and police departments." (Emphasis added). *See Koehlinger*, 933 N.E.2d at 541 (noting that the court will avoid an interpretation that renders any part of the statute meaningless or superfluous).

This lawsuit involves the termination of Cook's employment as Atlanta's town marshal, *not his demotion or reduction in rank*. Based upon the record and the express language of the statutory provisions above, we conclude that the Atlanta town council was not free to terminate Cook's employment as its town marshal without conducting the removal and appeals procedure prescribed by Ind.Code § 36–8 and adhering to the requirements of subsections (b) through (*l*) of Ind.Code § 36–8–3–4. Accordingly, the trial court erred in denying Cook's petition, and we reverse and re-

mand for further proceedings consistent with this opinion.[4]

For the foregoing reasons, we reverse the trial court's order denying Cook's Petition for Judicial Review and Writ of Mandamus and remand for further proceedings.

Reversed and remanded.

BAKER, J., and KIRSCH, J., concur.

---

ment by the town for more than six months after completing the minimum basic training requirements adopted by the law enforcement training board.

4. The parties also present arguments related to the application of *Guzik*, 875 N.E.2d 258, and *Olejniczak*, 651 N.E.2d 1197. In *Guzik*, the appellant-plaintiff Guzik alleged that he was coerced to resign as a town police chief. 875 N.E.2d at 261. The court noted that Ind.Code § 36–8–3–4(m) specifically exempts upper-level policymakers from the procedures set forth in section 36–8–3–4 and that "[i]n essence, this section permits a police chief to be removed from his policymaking position without cause, due process proceedings, or any other protections, aside from allowing return to the position held with the department before being appointed police chief." *Id.* at 268. The court found that, even assuming that the commissioners' acceptance of Guzik's resignation amounted to a termination of his employment, the commissioners were authorized to do so without adhering to due process requirements. *Id.* To the extent that *Guzik* found that Ind.Code § 36–8–3–4(m) did not prohibit the termination of a chief of police because the position was an

upper level policymaking position, we note that, unlike the appellant-plaintiff in *Guzik*, Cook was a tenured town marshal under Ind. Code § 36–5–7–3, that *Guzik* did not address the requirement that town marshals receive a hearing prior to termination pursuant to Ind. Code § 36–5–7–3, and that Atlanta does not point to a statutory provision providing a pre-termination hearing for chiefs of police similar to that for town marshals. In *Olejniczak*, the appellant-plaintiff Olejniczak was demoted from the position of town marshal to the position of deputy town marshal. 651 N.E.2d at 1198. The court concluded that a town marshal is the chief police officer of the town and that therefore Ind.Code § 36–8–3–4(m) applies and permitted the reduction in grade of a marshal as chief police officer of the town as he was in an upper level policymaking position. *Id.* at 1202. The court held that Olejniczak's reduction in grade was accomplished in compliance with Ind.Code § 36–8–3–4(m). We note that Olejniczak was demoted to the deputy marshal position and that his employment was not terminated. We find *Guzik* and *Olejniczak* distinguishable.