**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**JULIE A. CAMDEN**
**COREY R. MERIDEW**
**AARON M. COOK**
Camden & Meridew, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**THOMAS A. PASTORE**
Thomas Pastore, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AT&T, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1207-PL-552 |
| | ) | |
| ATLAS EXCAVATING, INC., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |
| | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-0907-PL-57

**February 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

AT&T appeals the trial court's denial of its motion for summary judgment. It contends that the trial court erred in holding that Atlas Excavating, Inc. ("Atlas") did not violate the Damages to Underground Facilities Act in damaging AT&T's underground cable, and the proper negligence standard to use in analyzing the claim is negligence per se. Finding that the appropriate standard is negligence per se and that the trial court did err in denying AT&T's motion for summary judgment, we reverse and remand with instructions.

## Facts and Procedural History

In August 2008, Atlas was performing an excavation project in the area of 1521 West Defenbaugh Street in Kokomo. It contacted the Indiana Underground Utility Locate Service Association which conducted a survey in the area, revealing that several utilities were buried in the path of Atlas's construction. On September 8, 2008, Atlas discovered AT&T's underground cables. Atlas hand-excavated the area and uncovered the underground cables. The cable remained intact, but it had two pieces of wood taped to it with duct tape. As part of its excavation method, Atlas inserted a trench box into the area of excavation underneath the cable and suspended the cable over the trench box to provide support to and protect the cable during the project. The cables hung freely over the four-foot-wide trench box, and the two pieces of wood duct-taped to the cable were suspended over the middle of the trench box without any extra support for the extra weight. Appellant's App. p. 22.

Atlas continued its work within the trench, but approximately one hour after the trench box was installed, the cable separated, causing damage. According to Atlas, the cable separated purely from its own weight and not from any contact from Atlas. Atlas contacted AT&T, and its personnel arrived to repair the cable.

AT&T filed suit against Atlas, claiming violations of the Damages to Underground Facilities Act ("DUFA"). AT&T filed a motion for summary judgment, and the trial court held a hearing on the motion. AT&T's motion was denied without explanation. *Id.* at 5. The matter proceeded to a bench trial, and the trial court entered judgment in favor of Atlas without entering any specific findings or conclusions.

AT&T now appeals the trial court's denial of its motion for summary judgment made before trial.

## Discussion and Decision

AT&T makes two arguments on appeal, which we restate as: (1) whether the correct negligence standard to apply in cases involving a violation of DUFA is negligence per se and (2) whether the trial court erred in denying its motion for summary judgment.

## I. Negligence Standard

AT&T contends that the correct negligence standard to apply in cases involving a violation of DUFA is negligence per se. We agree.

"[A]n unexcused or unjustified violation of a duty dictated by a statute is negligence per se." *Lindsey v. DeGroot*, 898 N.E.2d 1251, 1260 (Ind. Ct. App. 2009).

The statute involved in this case is DUFA, and it articulates a specific duty. Indiana Code section 8-1-26-20(a) provides in relevant part:

> a person responsible for an excavation or demolition operation under section 14 of this chapter shall do all of the following:
> (1) Plan the excavation or demolition to avoid damage to or minimize interference with underground facilities in and near the construction area.
> (2) Maintain a clearance between an underground facility, as marked by the operator, and the cutting edge or point of mechanized equipment . . . .
> (3) Notify the association if:
> > (A) there is evidence of an unmarked pipeline facility in the area of excavation or demolition; or
> > (B) the markings indicating the location of an underground facility have become illegible.

With specific duties clearly dictated by DUFA, we hold that the correct negligence standard to apply in cases involving a violation of DUFA is negligence per se.

## II. Motion for Summary Judgment

AT&T also contends that the trial court erred by denying its motion for summary judgment. We agree.

When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269 (Ind. 2009). All facts established by the designated evidence, and all reasonable inferences from them, are to be construed in favor of the nonmoving party. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind. 2007).

In applying the negligence per se standard,

4

negligence *per se* does not mean that there is liability *per se*. The violation of statutory duty is not actionable negligence unless it is also the proximate cause of the injury . . . . In order to find that an injury was the proximate result of a statutory violation, the injury must have been a foreseeable consequence of the violation and would not have occurred if the requirements of the statute had been observed.

*Lindsey*, 898 N.E.2d at 1260. Therefore, AT&T must have been a foreseeable plaintiff and Atlas's violation of DUFA must have been the cause of the damages in order for Atlas to be liable.

We find that AT&T is a foreseeable plaintiff in this case. DUFA, by its very name, is a statute that applies to underground facilities. "Facility" is defined under the statute as "a line or system used for producing, storing, conveying, transmitting, or distributing communication, information, electricity, gas . . . ." Ind. Code § 8-1-26-7. "Operator" is defined under the statute as "a person who owns or operates an underground facility other than an underground facility that: (1) is located on real property that the person owns or occupies; and (2) the person operates for the person's benefit." Ind. Code § 8-1-26-10. AT&T falls squarely under these statutory definitions as the operator of an underground facility based on its cable lines that were in the area of Atlas's excavation project. AT&T is therefore a foreseeable plaintiff under DUFA in this case.

We also find that Atlas violated DUFA and that violation led to the cable damage. Atlas employees removed the soil that provided its structural and lateral support from under and around the cable. AT&T's cables were then deliberately suspended over the trench box, allowing them to hang freely and consequently without support. Appellant's App. p. 51. Atlas employees were aware of the piece of wood taped to the wire that hung

5

over the trench box, but there is no evidence of any precautionary measures that were taken to support the extra weight. *Id.* at 22, 30 ("the reason it came undone was because there was a large piece of wood (board) taped to the repair sleeve making it even heavier, thus pulling the wires out of the repair."). This lack of support was what caused the cable to separate. *Id.* at 30 ("a previously spliced line from one of the unmarked lines came undone over [Atlas's trench] box . . . .").

We therefore find that there is no genuine issue of material fact that Atlas was negligent per se under DUFA for the damage caused to AT&T's cable. It was error for the trial court to deny AT&T's motion for summary judgment, so we reverse. We remand the matter to the trial court with instructions for the trial court to vacate its judgment in favor of Atlas from the bench trial, enter summary judgment in favor of AT&T, and conduct proceedings to determine damages. Such amount shall include damages, costs, and attorney's fees, as allowed under Indiana Code section 8-1-26-22. This amount may also include appropriate appellate attorney's fees, as a "statute that provides for the recovery of 'reasonable attorney's fees' include[s] appellate attorney fees . . . ." *St. Vincent Hosp. Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 706 (Ind. 2002).

Reversed and remanded with instructions.

BAILEY, J., concurs.

BROWN., J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

AT&T,                                    )
                                         )
    Appellant-Plaintiff,             )
                                         )
        vs.                       )     No. 79A02-1207-PL-552
                                         )
ATLAS EXCAVATING, INC.,                  )
                                         )
    Appellee-Defendant.              )

**BROWN, Judge, dissenting**

I respectfully dissent from the majority's conclusion that the trial court erred in denying AT&T's motion for summary judgment.

Initially, the majority opinion does not cite to authority in support of the conclusion that a violation of subsection (a) of Ind. Code § 8-1-26-20, alone, would constitute negligence *per se*. More importantly, the designated evidence included in the record reveals that there is a genuine issue of material fact as to whether Atlas violated subsection (a) of Ind. Code § 8-1-26-20. Ind. Code § 8-1-26-20, part of the Damage to Underground Facilities Act ("DUFA"), provides in its entirety:

    (a)    In addition to the notice required in section 16 of this chapter, a person responsible for an excavation or demolition operation under section 14 of this chapter shall do all of the following:

7

(1)    *Plan the excavation or demolition to avoid damage to or minimize interference with underground facilities in and near the construction area.*

(2)    Maintain a clearance between an underground facility, as marked by the operator, and the cutting edge or point of mechanized equipment. The clearance must be not less than two (2) feet on either side of the outer limits of the physical plant. However, if the clearance is less than two (2) feet, exposure of the underground facility may be accomplished only by the use of hand excavation, air cutting, or vacuum excavation.

(3)    Notify the association if:

    (A)    there is evidence of an unmarked pipeline facility in the area of the excavation or demolition; or

    (B)    the markings indicating the location of an underground facility have become illegible.

(b)    A person who:

(1)    *violates subsection (a)*; *and*

(2)    *causes damage* to a pipeline facility in the area of the excavation or demolition;

may be subject to a civil penalty in an amount recommended by the advisory committee and approved by the commission, not to exceed ten thousand dollars ($10,000).

(Emphases added).

When interpreting a statute, we independently review a statute's meaning and apply it to the facts of the case under review. Gargano v. Lee Alan Bryant Health Care Facilities, Inc., 970 N.E.2d 696, 702 (Ind. Ct. App. 2012) (citing Cook v. Atlanta, Ind. Town Council, 956 N.E.2d 1176, 1178 (Ind. Ct. App. 2011) (citing Bolin v. Wingert, 764

8

N.E.2d 201, 204 (Ind. 2002)), reh'g denied), reh'g denied.  The first step in interpreting any Indiana statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question.  Id.  If a statute is unambiguous, we must give the statute its clear and plain meaning.  Id.  A statute is unambiguous if it is not susceptible to more than one interpretation.  Id.  However, if a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent.  Id.  We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results.  Id.  In addition, we will avoid an interpretation that renders any part of the statute meaningless or superfluous.  Id.

A strict reading of Ind. Code § 8-1-26-20(a)(1) provides that a person shall "[*P*]*lan* the excavation . . . to avoid damage to *or minimize interference with underground facilities*."  (Emphases added).  The majority does not address or give effect to either of the above italicized portions of the statutory provision.  The majority's holding suggests that a party is negligent *per se* as soon as any damage occurs whether or not a plan was established to avoid the damage or minimize interference with the underground facilities.

The plain language of the statute suggests that it is possible for a person subject to the statute to "plan" the excavation in a manner to avoid damage to or minimize interference with underground facilities, thereby complying with subsection (a), even where damage may subsequently occur.  This interpretation is supported by subsection (b) of the statute, which provides that a penalty *may* be imposed only if there is a violation of subsection (a) *and* there is damage.  Although subsection (b) relates to the

civil penalty, the language of that subsection suggests that it was the intent of the legislature that a violation of subsection (a) is not deemed to have occurred simply because damage has occurred.

The designated evidence includes the affidavit of Bradley Whittaker, who had worked for over ten years as foreman and supervisor on utility installation projects and was working with Atlas on the project on September 8, 2008. In his affidavit, Whittaker states that Atlas hand excavated the area where the underground utilities were located and uncovered, without damaging, the AT&T telephone cable. He further states that "at the point where it was uncovered, about 2 to 3 feet of the cable had two pieces of wood attached to it by wrapping the cable and wood with duct tape," that "[t]o comply with our safety responsibilities, Atlas was able to slide a trench box under the cable and allowed the cable to bridge across the trench box so that Atlas personnel could enter the trench and perform the sewer installation work," and that "[t]he wood/duct tape apparatus was located approximately mid way across the trench box." Appellant's Appendix at 51. He also states that he had never worked as an underground telephone cable installer and had no knowledge of how such cables are installed or spliced together. Whittaker's affidavit then states:

> At no time during this work did Atlas' work ever touch or hit the telephone cable that was hanging across the trench box. Nonetheless, after about one hour while the cable was suspended across the trench box, the cable itself separated at the point where the wood/duct tape apparatus was attached to the cable revealing that the apparatus was likely a device intended to protect or give strength to a splice that had previously been placed on the cable. Prior to that time, I was not aware the duct tape/wood apparatus was any kind of protection for the cable or that the cable had been spliced.

10

Id.

The designated evidence shows that this is not a case where Atlas failed to make any attempts to avoid damage to or to minimize interference with AT&T's cables. The question is whether the steps taken by Atlas constituted a "[p]lan" to "avoid damage to" or "minimize interference" with AT&T's facilities as contemplated by subsection (a)(1) of Ind. Code § 8-1-26-20, which is a factual determination. The statute is clear, in my view, that the fact that damage occurs to underground facilities alone does not mean that a violation of subsection (a) has occurred. The trier of fact must determine whether Atlas took steps which would satisfy the requirements of DUFA and Ind. Code § 8-1-26-20(a). This court cannot say as a matter of law based upon the designated evidence that Atlas failed to take the steps necessary to satisfy those requirements. At a minimum, the designated evidence demonstrates that there exists a genuine issue of material fact as to whether Atlas violated the statute.

For the foregoing reasons, based upon Ind. Code § 8-1-26-20 and the designated evidence, I would affirm the trial court's order denying AT&T's motion for summary judgment.