FILED

Oct 04 2018, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Edward J. Merchant
Ruckelshaus Kautzman Blackwell &
Bemis, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Justin A. Schramm
Schramm Law Group, P.C.
Winamac, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph Budner, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Incorporated Town of North <br> Judson, Indiana, <br> *Appellee-Respondent.* | October 4, 2018 <br><br> Court of Appeals Case No. <br> 18A-MI-984 <br><br> Appeal from the Starke Circuit <br> Court <br><br> The Honorable Kim Hall, Judge <br><br> Trial Court Cause No. <br> 75C01-1710-MI-45 |

**Najam, Judge.**

## Statement of the Case

[1]     Joseph Budner appeals the trial court's order dismissing his petition for judicial review, which he had filed following the termination of his job as a deputy Town Marshal for the North Judson Police Department ("NJPD"). Budner presents a single issue for our review, namely, whether the trial court erred

when it granted the Town of North Judson's ("the Town") motion to dismiss under Trial Rule 12(B)(6) and denied him a hearing to which he was entitled under Indiana Code Section 36-8-3-4. We reverse and remand for further proceedings.

## Facts and Procedural History

In late April 2017, Budner, a full-time deputy Town Marshal for the NJPD, had a medical condition that required him to take leave from his job for several weeks. On July 17, when Budner had not returned to his job, the NJPD Town Marshal, Kelly Fisher, wrote Budner a letter stating in relevant part as follows:

> This letter serves as notice that your twelve (12) workweeks of leave have been expended as of July 17, 2017, as your FMLA [(Family and Medical Leave Act)] leave was initiated on April 24, 2017. As you have been a valuable member of our police department for a number of years prior to your leave of absence under the federal FMLA, the Town of North Judson will give you until July 31, 2017, to present the Clerk-Treasurer of the Town of North Judson with a letter from your treating physician that you are medically cleared to return to full, active employment, without any physical restrictions or limitations that would hamper your ability to perform the essential functions of your job as a police officer for the Incorporated Town of North Judson Police Department. Failure to deliver this medical clearance will result in our having to release you from employment with our police department, as the Town will have to hire a replacement due to staffing and safety concerns.

Appellee's App. Vol. II at 2. Budner did not respond to that letter, and on August 22, Marshal Fisher wrote Budner another letter stating in relevant part as follows:

> As we have still not received a letter from your treating physician indicating the above-mentioned criteria, and as an additional six (6) weeks have elapsed since my last letter, we are no longer able to hold your position with the Town of North Judson Police Department, and as of the end of the workday on August 25, 2017, we must release you from your current employment.

*Id.* at 3.

[3] On August 28, Budner, by counsel, wrote a letter to the NJPD requesting a hearing regarding his discharge pursuant to Indiana Code Section 36-8-3-4. After the NJPD denied that request, Budner filed a petition for judicial review naming the Town as the respondent. The Town moved to dismiss Budner's petition under Trial Rule 12(B)(6) alleging in relevant part that Budner was not entitled to a hearing. The trial court dismissed Budner's petition following a hearing on the Town's motion. This appeal ensued.

## Discussion and Decision

[4] Budner contends that the trial court erred when it dismissed his petition for judicial review. The standard of review on appeal of a trial court's grant of a motion to dismiss for the failure to state a claim is *de novo* and requires no deference to the trial court's decision. *Bellows v. Bd. of Comm'rs of Cty. of Elkhart*, 926 N.E.2d 96, 110 (Ind. Ct. App. 2010). The grant or denial of a motion to

dismiss turns only on the legal sufficiency of the claim and does not require determinations of fact. *Id.* "'A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief.'" *Id.* (quoting *Lei Shi v. Cecilia Yi*, 921 N.E.2d 31, 36 (Ind. Ct. App. 2010)).

[5] Indiana Code Section 36-5-7-6(c) (2018) provides in relevant part that a town marshal

> may dismiss a deputy marshal at any time. However, a deputy marshal who has been employed by the town for more than six (6) months after completing the minimum basic training requirements[1] . . . may be dismissed only if the procedure prescribed by section 3 of this chapter is followed.

[6] Indiana Code Section 36-5-7-3 provides in relevant part that the town marshal

> serves at the pleasure of the town legislative body. However, before terminating or suspending a marshal who has been employed by the town for more than six (6) months . . . , the legislative body must conduct the disciplinary removal and appeals procedure prescribed by I[.]C[. §] 36-8 for city fire and police departments.

---

[1] There is no dispute that, at the time his employment was terminated, Budner had been employed as a deputy town marshal for at least six months after completing the minimum basic training requirements.

[7] Indiana Code Section 36-8-3-4 ("the statute") provides in relevant part as follows:

> (a) This section also applies to all towns and townships that have full-time, paid police or fire departments. For purposes of this section, the appropriate appointing authority of a town or township is considered the safety board of a town or township. . . .
>
> (b) . . . Except as provided in subsection (n), a member may be disciplined by demotion, dismissal, reprimand, forfeiture, or suspension upon either:
>
>> (1) conviction in any court of any crime; or
>>
>> (2) a finding and decision of the safety board that the member has been or is guilty of any one (1) or more of the following:
>>
>>> (A) Neglect of duty.
>>>
>>> (B) A violation of rules.
>>>
>>> (C) Neglect or disobedience of orders.
>>>
>>> (D) *Incapacity*.
>>>
>>> (E) *Absence without leave*.
>>>
>>> (F) Immoral conduct.
>>>
>>> (G) Conduct injurious to the public peace or welfare.
>>>
>>> (H) Conduct unbecoming an officer.

(I) Another breach of discipline. . . .

> (c) Before a member of a police or fire department may be . . . dismissed, *the safety board shall offer the member an opportunity for a hearing.* If a member desires a hearing, the member must request the hearing not more than five (5) days after the notice of the . . . dismissal. . . . The hearing conducted under this subsection shall be held not more than thirty (30) days after the hearing is requested by the member, unless a later date is mutually agreed upon by the parties.

(Emphases added).

[8] Here, the parties dispute whether Budner was entitled to a hearing under the statute. Budner contends that, because he requested a hearing under the statute within five days of his termination notice, a hearing was mandatory. The Town responds that the statute only applies when an officer is terminated "for disciplinary reasons," which is not the case here.[2] Appellee's Br. at 7. We agree with Budner.

[9] First, in the Town's August 22, 2017, letter to Budner, the Town stated the reasons for the termination of his employment as follows:

---

[2] The Town does not assert any challenge to the trial court's subject matter jurisdiction on cross appeal. To the extent the Town suggests that the trial court lacked jurisdiction because Budner's petition presents a federal question under FMLA, the Town is incorrect. Our Supreme Court has observed that, under 29 U.S.C. § 2617, an employee alleging an employer's interference with FMLA rights or a retaliatory discharge may bring his suit either in federal or state court. *Gary Cmty. Sch. Corp. v. Powell*, 906 N.E.2d 823, 828 (Ind. 2009). Thus, if Budner's petition is deemed to present an FMLA claim, the trial court has jurisdiction to consider that claim on remand.

I want to call your attention to the fact that I had asked for a written letter from your treating physician, indicating that you would able to return to full, active employment, by July 26, 2017, without physical restrictions or limitations that would hamper your ability to perform the essential functions of your job as a police officer for the Incorporated Town of North Judson Police Department. As we have still not received a letter from your treating physician indicating the above-mentioned criteria, and as an additional six (6) weeks have elapsed since my last letter, we are no longer able to hold your position with the Town of North Judson Police Department, and as of the end of the workday on August 25, 2017, we must release you from your current employment.

Appellee's App. Vol. II at 3. Thus, the Town terminated Budner's employment because of his incapacity and absence without leave, which are both explicitly delineated in subsection (b)(2) of the statute. We hold that, under the plain language of the statute, Budner was entitled to a hearing.

[10]   Second, this court has previously rejected a town council's argument that the statute applies only to a town marshal's termination for disciplinary reasons. In *Cook v. Atlanta, Indiana Town Council*, the Atlanta town council terminated the employment of Cook, the town marshal, after he had attempted to file criminal charges against a member of the town council. 956 N.E.2d 1176, 1177 (Ind. Ct. App. 2011). Cook requested a hearing under the statute, which was denied, and the trial court dismissed his petition for judicial review. On appeal, the parties disputed in relevant part whether the statute applied to Cook's termination of employment given that "'[t]here were no charges of misconduct alleged against him'" and he was not removed "for 'cause.'" *Id.* at 1179. We

held that, based on the record and applicable statutory provisions, the Atlanta town council "was not free to terminate Cook's employment as its town marshal without conducting the removal and appeals procedure prescribed by Ind. Code [Art.] 36-8 and adhering to the requirements of subsections (b) through (l) of Ind. Code § 36-8-3-4." *Id.* at 1181. Accordingly, we reversed and remanded for further proceedings.

[11] Here, given the plain language of Indiana Code Section 36-8-3-4 and our opinion in *Cook*, we hold that Budner was entitled to a hearing regarding the termination of his employment. We reverse the trial court's dismissal of Budner's petition for judicial review for failure to state a claim upon which relief can be granted and remand for further proceedings.[3]

[12] Reversed and remanded for further proceedings.

Crone, J., and Pyle, J., concur.

---

[3] Whether Budner is entitled to any back pay depends on whether the safety board finds in his favor following a hearing and the result of any appeals that may follow that hearing. *See* I.C. § 36-8-3-4(j).